```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
TRUSTEES FOR THE MASON TENDERS                              :
DISTRICT COUNCIL WELFARE FUND,                              :
PENSION FUND, ANNUITY FUND, AND                             :
TRAINING PROGRAM FUND, and ROBERT                           :
BONANZA,                                                    :
                                                            :
                                  Petitioners,              :
                                                            :
                 v.                                         :
                                                            :
BRISCOE SUNRISE CORPORATION,                                :
                                                            :
                                  Respondent.               :
                                                            :
------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 2, 2017
```

16 Civ. 7680 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

Petitioners Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund (the "Funds") and Robert Bonanza (together, "Petitioners") have filed a motion for summary judgment to confirm an arbitration award (the "Award") under Section 301 of the Taft-Hartley Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185. Respondent Briscoe Sunrise Corporation did not appear in the underlying arbitration (the "Arbitration"). Nor has it appeared in the instant action. And because the undisputed facts of this case establish that the Award must be confirmed, the Court grants Petitioners' motion.

# BACKGROUND[1]

## A.  Factual Background

The case arises out of a labor dispute over a collective-bargaining agreement:  the Project Labor Agreement Covering Specified Construction Work Under the Capital Improvement Program for Fiscal Years 2014-2019 (the "SCA PLA").  The Mason Tenders District Council of Greater New York and Long Island is a labor union under the LMRA and "a member of the Building and Construction Trades Council of Greater New York and Vicinity" (the "BCTC"). (Pet'r 56.1 ¶ 2).  Bonanza is the union's Business Manager.  (*Id.* at ¶ 3).  The "Funds are 'employee benefit plan[s]' as defined in Section 3(3) of [the Employee Retirement Income Security Act of 1974 ('ERISA')], 29 U.S.C. § 1002(3) and 'multiemployer plan[s]' within the meaning of Section 3 (37)(A) of ERISA, 29 U.S.C. §[ ] 1002(37)(A)."  (*Id.* at ¶ 1).

The SCA PLA is an agreement between the BCTC and the New York City School Construction Authority.  (Pet'r 56.1 ¶ 4; SCA PLA art. 1, § 1).  It sets terms "for rehabilitation and renovation work performed on New York City Public Schools."  (SCA PLA, art. 3, § 1).  As relevant here, the SCA PLA requires

---

[1]  This Opinion draws on facts from the Declaration of Haluk Savci, Esq. ("Savci Decl." (Dkt. #11)) and to several exhibits attached thereto:  the Project Labor Agreement Covering Specified Construction Work Under the Capital Improvement Program for Fiscal Years 2014-2019 ("SCA PLA" (Dkt. #11-1)); the Funds' Trust Agreements ("Trust Agreements" (Dkt. #11-2)); various letters concerning the payroll audit that triggered this lawsuit ("[Date] Letter" (Dkt. #11-2)); the Funds' Notice of Intention to Arbitrate ("Arbitration Notice" (Dkt. #11-2)); and the Opinion and Default Award that Petitioners are seeking to confirm ("Award" (Dkt. #11-2)).  This Opinion also cites to Petitioners' Local Civil Rule 56.1 Statement of Uncontested Material Facts ("Pet'r 56.1" (Dkt. #12)). For ease of reference, the Court refers to Petitioner's brief in support of its motion for summary judgment as "Pet'r Br." (Dkt. #10).

contractors performing work pursuant to it "to pay wages and benefit contributions ... to [ ] applicable jointly trusted employee benefit fund[s]" (like the Funds here). (Pet'r 56.1 ¶ 8). And to this end, the SCA PLA also requires such contractors to make benefit contributions pursuant to the terms of the benefit funds' "Trust Agreements." (SCA PLA, art. 11, § 2(C)).

Two provisions in the Funds' Trust Agreements bear mention here.[2] First, Section 9.7 empowers the Funds to "audit payroll, employment, and any other pertinent records of any" contractor-employer bound by the Trust Agreements. (Trust Agreements, § 9.7). Second, Section 9.8 provides that the Funds may initiate arbitration proceedings against contractor-employers who "fail[ ] to make required contributions to the" Funds. (*Id.*, § 9.8).

Respondent, a subcontractor, entered into the SCA PLA in February 2013, in order to perform work at Staten Island Technical High School. (Savci Decl., Ex. 2 at 1-2). In October 2014, the Funds authorized an accounting firm to audit Respondent's "books and records" for the period between "February 15, 2013[,] through August 31, 2014 (the 'Audit Period')." (*Id.* at ¶ 19; 4/13/15 Letter). In a letter the Funds received on April 13, 2015, the accounting firm reported to the Funds that Respondent had failed to make required contributions during the Audit Period. (4/13/15 Letter). Consequently, the

---

[2] Petitioners write that Briscoe is bound by "Trust *Agreements*," although only one excerpted Trust Agreement appears in the record. (Savci Decl., Ex. 3; *see* Pet'r 56.1 ¶¶ 11-14). Given that there are multiple Funds at issue in this case, the Court assumes that a separate Trust Agreement governs each Fund, and that the relevant language of these Trust Agreements is identical.

3

Funds sent Respondent two certified letters demanding repayment for its outstanding balance. (4/22/15 Letter; 5/26/15 Letter).

Respondent did not pay that balance. (Savci Decl., ¶ 20). On August 20, 2015, the Funds sent to Respondent and Joseph Harris, an arbitrator, a Notice of Intention to Arbitrate. (Arbitration Notice 1-2).[3] In that Notice, the Funds wrote that they intended to seek repayment from Respondent for its delinquent payments during the Audit Period, as well as other delinquent payments from a separate, later period in time. (*Id.* at 1). On August 25, 2015, Arbitrator Harris mailed his own letter to the Funds and Respondent, writing that he intended to hold an arbitration hearing on September 21, 2015. (Savci Decl., ¶ 21; Award 1). Arbitrator Harris sent that letter to both parties by USPS First-Class Mail. (Award 1). He received no response from Respondent; nor was his letter to Respondent returned by the USPS. (*Id.*).

The Arbitration proceeded as scheduled on September 21, 2015. (Award 1). Respondent did not appear. (*Id.*). The Funds did, although they "amended their [arbitration] claim to cover only the issue of payment covering the Audit Period." (Savci Decl., ¶ 23). And in support of that claim, the Funds introduced into evidence the results of their 2015 payroll audit. (Award 2). On the basis of that audit, the Funds argued that Respondent had failed to pay $15,504.08 in required benefit contributions, and also owed thousands of dollars in other dues, costs, interest, and liquidated damages. (*Id.*; *see also*

---

[3]  In his Declaration, Attorney Savci writes that the Funds sent their Notice of Intention to Arbitrate to an entity called "Premier." (Savci Decl., ¶ 20). The Court assumes that this is a typographical error.

4

Trust Agreements, § 9.9 (permitting Petitioners to recover, *inter alia*, liquidated damages and attorney's fees "[i]n any legal action for [u]npaid [c]ontributions")). In total, the Funds sought $26,309.37. (Award 2). On the basis of "the substantial and credible evidence" the Funds presented at the Arbitration, Arbitrator Harris issued an Opinion and Default Award for the full amount that the Funds sought on October 1, 2015. (*Id.*).

**B. Procedural Background**

Petitioners filed a Complaint against Respondent on September 30, 2016. (Dkt. #1).[4] In response to an Order of this Court dated October 5, 2016 (Dkt. #6), Petitioners filed a motion for summary judgment and supporting papers on October 19, 2016 (Dkt. #9-12). Respondent has not appeared in this action.

## DISCUSSION

**A. Applicable Law**

"The LMRA establishes a federal policy of promoting 'industrial stabilization through the collective bargaining agreement,' with particular emphasis on private arbitration of grievances." *Nat'l Football League Mgmt. Council* v. *Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *United Steelworkers* v. *Warrior & Gulf Navigation Co.,* 363 U.S. 574, 578 (1960)).[5] In turn, judicial "review of an arbitration award under the LMRA

---

[4] The Complaint's caption listed John J. Virga as a plaintiff in this case. (Dkt. #1). Although Virga appears as a party on this case's electronic docket, Petitioners' motion for summary judgment and supporting submissions do not identify Virga as a "plaintiff" or "petitioner." (*See, e.g.*, Pet'r Br. 1).

[5] The LMRA, not the Federal Arbitration Act (the "FAA"), governs this Court's review of Petitioner's motion to confirm. "[I]n cases brought under Section 301 of the [LMRA] … the FAA does not apply." *Coca-Cola Bottling Co. of N.Y.* v. *Soft Drink & Brewery Workers Union Local 812 Int'l Bhd. of Teamsters*, 242 F.3d 52, 53 (2d Cir. 2001). And Section

5

is ... 'very limited.'" *Id.* (quoting *Major League Baseball Players Ass'n* v. *Garvey*, 532 U.S. 504, 509 (2001)). "[U]nless the award is procured through fraud or dishonesty, a reviewing court is bound by the arbitrator's factual findings, interpretation of the contract[,] and suggested remedies." *Trustees of the N.Y. City Dist. Council of Carpenters Pension Fund* v. *High Performance Floors Inc.*, No. 15 Civ. 781 (LGS), 2016 WL 3194370, at *2 (S.D.N.Y. June 6, 2016) (quoting *Int'l Bhd. of Elec. Workers* v. *Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999)), *reconsideration denied*, 2016 WL 3911978 (S.D.N.Y. July 15, 2016). And in turn, a court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but" instead may "inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League*, 820 F.3d at 536.

Accordingly, a reviewing court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Nat'l Football League*, 820 F.3d at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*, 484 U.S. 29, 38 (1987)). "As long as the

---

301 of the LMRA "serves as the foundation for a substantive body of federal law that is 'analytically distinct from the [FAA].'" *1199 SEIU United Healthcare Workers E.* v. *Lily Pond Nursing Home*, No. 07 Civ. 408 (JCF), 2008 WL 4443945, at *3 (S.D.N.Y. Sept. 29, 2008) (quoting *Westerbeke Corp.* v. *Daihatsu Motor Co.,* 304 F.3d 200, 221 (2d Cir. 2002)). Nonetheless, "the FAA is useful as a source of principles to guide the development of law under LMRA § 301 ... particularly [ ] in the context of a petition to confirm or vacate an arbitration award." *Id.* Both statutes call for courts to be "extremely deferential" when reviewing arbitration awards. *Supreme Oil Co.* v. *Abondolo*, 568 F. Supp. 2d 401, 405 (S.D.N.Y. 2008).

award draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice, it must be confirmed." *Id.* (internal quotation marks and citation omitted)

In turn, "[c]onfirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *Trustees for the Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund* v. *Odessy Constructioncorp*, No. 14 Civ. 1560 (GHW), 2014 WL 3844619, at *1 (S.D.N.Y. Aug. 1, 2014) (quoting *N.Y. Med. Ctr. of Queens* v. *1199 SEIU United Healthcare Workers East*, No. 11 Civ. 4421 (ENV), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012)). "When a petition to confirm an arbitration award is unopposed, courts should generally treat 'the petition and accompanying record ... as akin to a motion for summary judgment.'" *Id.* (quoting *D.H. Blair & Co.* v. *Gottdiener,* 462 F.3d 95, 109 (2d Cir. 2006)). "Thus, like unopposed summary judgment motions, unopposed confirmation petitions 'must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *D.H.* Blair, 462 F.3d at 110).

**B.    Analysis**

Viewed in light of the LMRA, the undisputed facts of this case make plain that the Court must confirm the Award. The SCA PLA required Respondent to make benefit contributions to the Funds in accordance with the Trust Agreements. The Trust Agreements entitled Petitioners to pursue arbitration if Respondent failed to make those contributions. On the basis of a detailed

7

audit — which Arbitrator Harris reviewed — Petitioners determined that Respondent had not made required contributions during the Audit Period. When their demands for repayment went unanswered, Petitioners arbitrated their dispute. And after considering Petitioners' "substantial and credible evidence," Arbitrator Harris rendered the Award, which reflects the delinquent payments, dues, fees, costs, damages, and interest that Respondent owes Petitioners.

Put simply, Arbitrator Harris construed and applied the SCA PLA when he issued the Award. The LMRA, in turn, requires the Court to confirm the Award.

## CONCLUSION

For the reasons set forth above, Petitioners' motion for summary judgment to confirm the Award is GRANTED. The Clerk of Court shall enter judgment for Petitioners, terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: May 2, 2017
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge